**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BEOWULF VON PRINCE,

        *Plaintiff*,

    v.

UNITED STATES OF AMERICA, *et al.*,

        *Defendants*.

Civil Action No. 1:24-cv-02692 (CJN)

**MEMORANDUM OPINION**

Defendant the United States of America has moved to dismiss this case, *see* ECF No. 17. For the reasons stated below, its motion is granted, and the case is dismissed without prejudice.

This action rises from the nearly incomprehensible Complaint of *pro se* Plaintiff Beowulf von Prince, who claims to bring this action pursuant to "the Peace Treaty between German Reich and USA 1920 . . . as a representative of the German Reich within the borders of 1917." ECF No. 1 ("Compl.") at 4. He states that "the Second World War has not ended," ECF No. 1-2 at 1, and seeks to recover damages "arising from the Allies' official order against the German Reich and violation of the general rules of international law." Compl. at 5. He also requests that the United States government and other sovereign Defendants prosecute many individuals, including the founder of the World Economic Forum. *Id.* at 153.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and Rule 8 requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a). Rule 8 ensures that

1

defendants have fair notice of the claim(s) being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint that is "full of irrelevant and confusing material" will fail the Rule's standard and so will "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (citations and internal quotation marks omitted). Similarly, "a confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). If a complaint fails to comport with the standards of Rule 8, the court may dismiss the pleading or the action. *Jiggetts*, 319 F.R.D. at 413; *see* Fed. R. Civ. P. 41(b).

Von Prince's Complaint is nothing more than a "confused and rambling narrative of charges and conclusions." *Cheeks*, 71 F. Supp. 3d at 169 (citation and internal quotation marks omitted). Spanning 156 pages,[1] it jumps from topic to topic, ranging from the German Reich to the war in Ukraine, without articulating a viable legal claim or providing the government with adequate notice of the claim(s) brought against it. *See generally* Compl. It is neither "short" nor "plain," *see* Fed. R. Civ. P. 8(a)(2), and its allegations cannot be described as simple, concise, or direct, *see* Fed. R. Civ. P. 8(d)(1). It is therefore "too unwieldy to proceed." *Spence v. U.S. Dep't of Vet. Affairs*, No. 19-cv-1947, 2022 WL 3354726, at *11 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 594.

---

[1] 191 pages if counting the attached exhibits.

To that same end, Prince has failed to establish that the Court has subject matter jurisdiction.  *See Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010).  A Plaintiff seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  The Supreme Court has held that federal courts "are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'"  *Hagans v. Levine*, 415 U.S. 528, 536–37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).  As drafted, von Prince's rambling, unconnected, and conspiratorial claims are just that.  *See, e.g.*, ECF No. 1-2 at 1 ("This lawsuit is based on the fact that the Second World War has not ended.").  The Court, therefore, is powerless to exercise subject matter jurisdiction over them.

Because von Prince's Complaint fails to meet the minimal standard for this court to exercise subject matter jurisdiction over the claim and the minimal pleading standard set forth in Rule 8(a), it is dismissed without prejudice.

A separate Order will issue.

DATE:  July 10, 2026

CARL J. NICHOLS
United States District Judge

3